UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND J. CERILLI,
    Plaintiff,

v.                          CASE NO. 3:16-cv-2085 (SRU)

DANNEL P. MALLOY, et al.,
    Defendants.

**RULING ON MOTION FOR RECONSIDERATION**

Plaintiff Raymond J. Cerilli ("Cerilli"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. On January 18, 2017, the Court denied Cerilli's motion to proceed in forma pauperis under the three-strikes provision of the Prison Litigation Reform Act, 20 U.S.C. § 1915(g), and directed Cerilli to tender the filing fee. On March 1, 2017, the Court filed an order dismissing this case because Cerilli failed to tender the filing fee. On September 10, 2018, and September 26, 2018, Cerilli filed motions for reconsideration seeking to reopen this case as well as several others.

Motions for reconsideration must be filed and served within fourteen days from the filing of the decision or order from which relief is sought. D. Conn. L. Civ. R. 7(c)1. The order dismissing this case was entered on March 1, 2017. Thus, Cerilli has filed his motions over eighteen months too late. The motions for reconsideration are denied as untimely filed.

Even if his motion were timely, relief should be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the Court overlooked and that would reasonably be expected to alter the Court's decision. *See Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (citing *Schrader v. CSX Transp., Inc.*, 70

F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration may not be used to relitigate an issue the Court already has decided. *See Schrader*, 70 F.3d at 257; *Waller v. City of Middletown*, 89 F. Supp. 3d 279, 282 (D. Conn. 2015).

In the ruling denying in forma pauperis status, the Court explained that the only exception to the three-strikes provision is if Cerilli was in imminent danger of serious physical injury from the defendants at the time he filed this action. ECF No. 8 at 2. The Court noted that the complaint concerned Cerilli's medical care for an injury that occurred at a different correctional facility. Because he was no longer confined in the same correctional facility as any defendant, the Court concluded that Cerilli did not meet the exception. *Id.* at 3. In his motions for reconsideration, Cerilli does not identify any law or facts that the Court overlooked when reaching that decision and dismissing the complaint. Thus, reconsideration would not be warranted.

Cerilli's motions for reconsideration [**ECF Nos. 12, 13**] are **DENIED**.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of November 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge