UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND J. CERILLI,  :  | |
| Plaintiff, : | No. 3:16-cv-2085 (SRU) |
| : | No. 3:16-cv-2086 (SRU) |
| v. : | No. 3:16-cv-2087 (SRU) |
| : | No. 3:16-cv-2088 (SRU) |
| DANNEL P. MALLOY, et al., : | |
| Defendants. : | |

# RULING AND ORDER

Plaintiff, Raymond J. Cerilli ("Cerilli"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a "motion for reconsideration" in four closed cases: *Cerilli v. Malloy, et al.*, 3:16-cv-2085 (SRU), Doc. No. 15; *Cerilli v. Malloy, et al.*, 3:16-cv-2086 (SRU), Doc. No. 14; *Cerilli v. Malloy, et al.*, 3:16-cv-2087 (SRU), Doc. No. 19; and *Cerilli v. Malloy, et al.*, 3:16-cv-2088 (SRU), Doc. No. 15. Although he captions the document as a motion for reconsideration, Cerilli is not asking the court to reconsider a decision issued in any of those cases. Rather, he is asking the court to change the way the Department of Correction allocates monies deposited to his inmate account to pay the filing fees in the cases he has filed in federal court.

When an inmate is granted leave to proceed *in forma pauperis*, he is required under federal law to pay the entire filing fee. *See* 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action … in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee"). *In forma pauperis* status only relieves the inmate of prepayment of the fee. *See* 28 U.S.C. § 1915(b)(2) (requiring prisoner to make monthly payments of 20% of the preceding month's income toward the filing fee). The Department of Correction allocates the appropriate

percentage of income each month in accordance with the statute. The court is not involved.

If an inmate has more than one case, the statute does not specify whether a fee should be allocated each month for every case or for one case at a time. The Court understands Cerilli's motion to state that the Department of Correction has changed the allocation method. Because the statute does not require that the fees be allocated for only one case at a time, the Department of Correction's method is not unlawful. Further, it was not undertaken by court order. Accordingly, Cerilli's motion is denied.

However, a review of the dockets in the four cases shows that no fees should be collected for those cases. On January 17, 2017, the Court denied Cerilli's motions to proceed *in forma pauperis* in No. 3:16-cv-2086 (SRU) and No. 3:16-cv2088 (SRU) under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). On January 18, 2017, the Court denied Cerilli's motion to proceed *in forma pauperis* in No. 3:16-cv-2085 (SRU) for the same reason. On March 1, 2017, three of Cerilli's cases were dismissed (No. 3:16-cv-2085, No. 3:16-cv-2086, and No. 3:16-cv-2088) because Cerilli had been ordered to pay the filing fee and failed to do so. On February 10, 2017, the Court vacated the ruling granting Cerilli *in forma pauperis* status in No. 3:16-cv-2087 (SRU), denied his motion to proceed *in forma pauperis*, and directed him to pay the filing fee. On April 3, 2017, the Court dismissed No. 3:16-cv-2087 (SRU) for non-payment of the filing fee. Because Cerilli was not proceeding *in forma pauperis* in any of those cases, there is no reason for the Department of Correction to withhold monies from Cerilli's inmate account for the filing fees.

Cerilli's motions [**Doc. No. 15** in 3:16-cv-2085 (SRU); **Doc. No. 14** in 3:16-cv-2086 (SRU); **Doc. No. 19** in 3:16-cv-2087 (SRU); and **Doc. No. 15** in 3:16-cv-2088 (SRU)] are **DENIED**.

The Clerk is directed to forward a copy of this order to the Inmate Accounts Department to have any monies set aside for the filing fees in those four cases restored to the spendable portion of his inmate account.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of September 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge